# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-1681 |
| | § | |
| CRYSTAL L. STEELE, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before the court is Merrill Lynch's motion (1) to confirm arbitration award pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9, and (2) to dismiss Steele's counterclaim for failure to state a claim for which relief can be granted under Rule 12(b)(6). FED. R. CIV. P. 12(b)(6). Having reviewed the motion, all responsive pleadings, and the applicable law, Merrill Lynch's motion is GRANTED. Steele's counterclaim is DISMISSED without prejudice, with leave to amend her pleading within thirty days of the date of this order.

## I.   BACKGROUND

On April 6, 2006, Crystal L. Steele was hired to work as a registered representative in Merrill Lynch's Sugar Land, Texas office. Dkt. 1 at 1. That same day, in order to be registered as a broker-dealer agent with Merrill Lynch, Steele executed Form U-4 Uniform Application for securities Registration or Transfer ("Form U-4") which contained an agreement to arbitrate disputes with her firm.[1] Dkt. 1, Ex. C. Additionally, on April 10, 2006, Steele signed a disclosure reaffirming her

---

[1] Section 15A of Form U4, paragraph 5, states, "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SRO's indicated in Section 4 (SRO REGISTRATION) as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction."

agreement to arbitrate "any dispute, claim or controversy that may arise" between Steele and Merrill Lynch. Dkt. 1, Ex. C, at A.  As an inducement to come work for Merrill Lynch, the firm offered Steele a $62,000 loan, secured by a promissory note which she signed on or around April, 2006. Dkt. 9, Ex. C, at 4.

On October 10, 2006, Steele resigned her employment with Merrill Lynch and owed $59,107.11 to Merrill Lynch pursuant to the promissory note she had executed.  Dkt. 1 at 2.  On October 30, 2006, Merrill Lynch sent Steele a letter demanding full payment of the loan. Dkt. 9, Ex. C, at 4.  On November 28, 2006, December 30, 2006, January 30, 2007, and February 28, 2007, Steele sent payments of $1,231.34 to Merrill Lynch, totaling $3,916.60 towards the balance owed on the note.  Dkt. 9, Ex. C, at 4.

On January 29, 2008, Merrill Lynch and Steele arbitrated Merrill Lynch's claim to recover the balance due on the promissory note and Steele's claims for fraud, fraudulent inducement and estoppel in an arbitration proceeding in Houston, Texas presided over by Financial Industry Regulatory Authority (FINRA).[2]  Dkt. 9, Ex. C.  On February 20, 2008, FINRA issued an award in favor of Merrill Lynch for $55,847.16 in compensatory damages plus interest at 5.25% per annum and attorney's fees of $24,000 plus interest at the legal rate.  Dkt. 1 Ex. D.  FINRA denied all of Steele's claims against Merrill Lynch.  Dkt. 9, Ex. B.

Merrill Lynch filed this Motion to Confirm the Arbitration Award on May 28, 2008.  Dkt. 1. To date, Steele has not satisfied the award.  She answered *pro se* and filed a counterclaim alleging in full that  "[Merrill Lynch]'s agenda was to actively pursue and entice female brokers to join

---

[2]  In July 2007, the New York Stock Exchange (NYSE) and the NASD merged to form FINRA.

Merrill Lynch knowing that they were setting them up for failure by failing to adequately support and train newly hired brokers in Merrill Lynch's financial protocol." Dkt. 8 at 2.

On July 7, 2008, Merrill Lynch filed a Motion to Dismiss Steele's counterclaim pursuant to Rule 12(b)(6), failure to state a claim for which relief can be granted. FED. R. CIV. P. 12(b)(6); Dkt. 10. Steele filed no response.

## II.    MOTION TO CONFIRM ARBITRATION AWARD

A motion to confirm an arbitration award is a summary proceeding. *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997). A district court's review of an arbitration award is "extraordinarily narrow." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004). "If an [arbitration] award is rationally inferable from the facts before the arbitrator, the award must be affirmed." *Id*. at 353.

Under 9 U.S.C. section 9, "at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Hence, parties seeking confirmation of an arbitration award may do so within one year of the award. *Id*. The court must confirm the award unless notice of a motion to vacate, modify, or correct is served on the adverse party within three months of the granting of the award. 9 U.S.C. § 12.

Merrill Lynch filed the motion to confirm the arbitration award on May 28, 2008, well within the one year statutory period for confirmation. 9 U.S.C. § 9. Steele did not move to vacate, modify, or correct the award within the three month statutory time limit prescribed in 9 U.S.C. § 12. Accordingly, the award is confirmed.

### III.   FAILURE TO STATE A CLAIM UNDER 12(B) 6

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, ___ U.S_ __, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Erickson v. Pardus,* ___U.S.___, 127 S.Ct. 2197, 2200 (2007) (citing *Twombly,* 127 S.Ct. at 1959); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)) (internal citations omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1960.

Steele's complaint does not provide her adversaries notice of a cognizable claim. Additionally, her claim does not plead facts that "raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. Steele couched her complaint in vague allegations instead of setting out a claim for relief. *Id.* Because Steele has recited no facts and only one conclusory claim, her pleadings are not sufficient, even under a lenient standard. *See Boswell v. Bush*, 138 F.Supp.2d 782,

4

785 (N.D. Tex. 2000). "It is not the court's place to speculate or imagine what the plaintiff's claims may be." *Martin v. U. S. Post Office*, 752 F.Supp. 213, 218 (N.D. Tex. 1990), *aff'd*, 929 F.2d 697 (5th Cir. 1991) (unpublished table decision).

Steele is a *pro se* claimant in her counterclaim against Merrill Lynch.[3]  As such, we afford her more latitude in her pleadings, and the court will construe her allegations liberally if possible. *See Erickson,* 127 S.Ct at 2200*; see also Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594 (1972). But, even *pro se* litigants must abide by the Federal Rules of Civil Procedure. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  While a complaint need not outline all the elements of a claim, it must "set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Gen. Star Indem. Co. v. Vesta Fire Ins. Corp*., 173 F.3d 946, 950 (5th Cir. 1999).  As discussed above, Steele's complaint falls far short of even the most lenient standard.  Generally, a *pro se* plaintiff should receive an opportunity to amend her pleadings if they fail to state a claim for which relief can be granted. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Moawad v. Childs*, 673 F.2d 850, 851–52 (5th Cir. 1982).  Therefore, because Steele is *pro se*, her counterclaim is dismissed without prejudice to filing it with sufficient facts.

## CONCLUSION

After a careful examination of the arbitration award,  the motion, all responsive pleadings, and the applicable law, Merrill Lynch's motion to confirm the arbitration award is GRANTED. Therefore, the arbitration award, in its entirety, is CONFIRMED. Further, Merrill Lynch's motion

---

[3]  Steele was represented by counsel in the early stages of the FINRA litigation.  However, on August 23, 2007, Scot Doyen, Esq., wrote informing FINRA that he no longer represented Steele.  Steele remained *pro se* throughout the remainder of the FINRA litigation and continues to represent herself in the current matter before this court.

to dismiss Steele's counterclaim is GRANTED.   Steele's counterclaim is DISMISSED without prejudice to refiling within 30 days of the date of this order.

It is so ORDERED.

Signed at Houston, Texas on September 26, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY